UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN KELLEY and ALLISON
KELLEY-GRIFFITH,

    Plaintiffs,

v.                                          Case No. 8:23-cv-0906-KKM-MRM

HOLIDAY CVS, LLC,

    Defendant.
_____

## ORDER

Plaintiffs John Kelley and Allison Kelley-Griffith, individually and as parents and natural guardians of J.L.M.K., a minor, sued Defendant Holiday CVS, L.L.C., (CVS) for negligence in state court. CVS removed the case to federal court, and Plaintiffs now move to remand because they plan to join additional parties who would destroy diversity jurisdiction. Because diversity jurisdiction currently exists, Plaintiffs' motion is denied.

### I.  BACKGROUND

On February 3, 2023, Plaintiffs filed suit in the Sixth Judicial Circuit Court in and for Pinellas County, Florida, against CVS regarding an alleged mis-fill of J.L.M.K.'s prescription. Compl. (Doc. 1-1). Plaintiffs allege three counts: negligence generally, negligence in hiring, training, retention, and supervision; and negligence per se. *Id.* at 5–

10. CVS filed a notice of removal on April 25, 2023, under 28 U.S.C. §§ 1332 and 1441(a), based on diversity of citizenship. Notice of Removal (Doc 1) at 1.

On May 25, Plaintiffs filed a motion to remand the case to state court. Mot. to Remand (Doc 12) at 1. Plaintiffs allege that removal was "inappropriate" because they are in the process of joining non-diverse and necessary defendants, Pinellas County School Board and Nurse Patricia G. Hemsley Sample. *Id.* at 2–4.

## II.  LEGAL STANDARD

Federal courts have diversity jurisdiction over a case when the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332 (a). Diversity jurisdiction requires complete diversity, and each defendant must be "a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis omitted). A defendant's notice of removal need only include a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

"On a motion to remand, the removing party bears the burden of establishing jurisdiction." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000)). The removal statute should be "construed narrowly with doubt construed against removal." *Id.* at 1505; *see also Wofford v. Herbalife Int'l, Inc.*, 643 F. Supp. 186, 187 (S.D. Fla. 1986) (Paine, J.).

2

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When a plaintiff seeks to join a non-diverse defendant after removal to federal court, "the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* § 1447(e).

## III. ANALYSIS

CVS timely removed the case to the United States District Court for the Middle District of Florida within thirty days after it learned of a basis for the removal. Notice of Removal ¶ 4; 28 U.S.C. § 1446(b)(3). Diversity jurisdiction exists because the Plaintiffs are seeking over $75,000 and Plaintiffs are citizens of Florida while CVS is a citizen of Rhode Island. Notice of Removal ¶ 7–9; Compl. ¶ 3.

Plaintiffs argue that because "non-diverse defendants are in the process of being brought in to the case," and that they "will be sought as additional defendants," this Court should remand the case. Mot. to Remand at 1–3. But the additional defendants are not named parties in the case yet, and Plaintiffs' assertions rest on their potential joinder. Resp. Opp'n (Doc 15) at 2–3.

Potential divestiture of jurisdiction is not the same as actual. Diversity jurisdiction is based on "named defendants" in a case, not persons who have not yet been joined to the case. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 93 (2005) (holding that "[i]t is not incumbent on the named defendants to negate the existence of a potential defendant whose

3

presence in the action would destroy diversity" and that "the Fourth Circuit had no warrant in this case to inquire whether some other person might have been joined as an additional or substitute defendant."); *see also* 28 U.S.C. § 1441(b)(2) (contemplating removal based only on "parties in interest properly joined and served as defendants"); *Harper v. LM Gen. Ins. Co.*, No. 5:21CV115, 2021 WL 2840458, at *2 (N.D. Fla. July 6, 2021) (Wetherell, J.) (ruling that "the citizenship of a non-party cannot destroy diversity"). Thus, as the non-diverse parties have not been joined to this case, diversity jurisdiction remains. *See* Notice of Removal at 5.

Plaintiffs argue that denying remand at this time would waste judicial resources and expose parties to "significant prejudice and possible multiplicity of lawsuits." Mot. to Remand (Doc 12) at 4. But these arguments do not negate this Court's current jurisdiction over this case in the absence of non-diverse parties named in the complaint. If Plaintiffs later seek to join these parties through an appropriate motion, this Court has discretion to either "deny joinder, or permit joinder and remand the case to state court." 28 U.S.C. § 1447(e).

## IV.   CONCLUSION

While Plaintiffs may wish to join non-diverse defendants to their claim, because such parties are not parties in the case to date, their citizenship does not affect this Court's diversity jurisdiction. Accordingly, Plaintiffs' Motion to Remand (Doc. 12) is **DENIED.**

4

**ORDERED** in Tampa, Florida, on July 3, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge